IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00423-MSK-KLM

DAWN WILLIAMS,

Plaintiff,

v.

CITY AND COUNTY OF DENVER;
KATHRYN SMITH;
BARBARA SHAKLEE;
CHRIS MOOTZ; and
LARRY MANZANARES,

Defendant(s).

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court pursuant to the **Order to Show Cause** issued on August 10, 2009 [Docket No. 15]. Plaintiff failed to comply with the Order and failed show cause why her case should not be dismissed. Although Plaintiff is proceeding *pro se*, she is a licensed attorney and is not entitled to liberal treatment regarding litigation of her case. *See Mann v. Boatright*, 477 F.3d 1140, 1148 n.4 (10th Cir. 2007).

For the reasons provided below, I recommend that the Order to Show Cause be made **ABSOLUTE** and that the Court dismiss Plaintiff's case as a sanction pursuant to Fed. R. Civ. P. 41(b).

**I. Background**

By way of giving context to the Court's Recommendation, the Court provides the following background. On February 27, 2009, Plaintiff filed the above-captioned action *pro*

*se* [Docket No. 3]. Pursuant to Fed. R. Civ. P. 4(m), she was required to serve a copy of the Summons and Complaint on all Defendants within one-hundred and twenty days from the date of filing.[1] The Court conducted a Scheduling Conference on June 24, 2009 and noted that Defendants had not yet been served. Given that, the Court vacated and reset the Scheduling Conference to September 29, 2009. The Court also issued an Order directing Plaintiff to effect service and file proof of the same on or before July 30, 2009 [Docket No. 14]. Despite my clear Order and the mandate of Fed. R. Civ. P. 4(m), Plaintiff failed to comply or seek an extension of time to do so.

Thereafter, I ordered Plaintiff to show cause in writing why this Court should not recommend that her case be dismissed pursuant to Fed. R. Civ. P. 4(m) and 41(b) on or before August 21, 2009. *Order* [#15] at 2. I also warned Plaintiff that if she failed to respond or provide good cause, a recommendation would be issued to dismiss her case. *Id.* As of today's date, Plaintiff has failed to comply with the Order to Show Cause or to file proof of service on Defendants. *See also Defendants' Motion to Dismiss* [#16] at 1.

**II. Findings**

The Court finds that Plaintiff has failed to meaningfully participate in the prosecution of her case. Specifically, in addition to her failure to comply with Fed. R. Civ. P. 4(m), Plaintiff has failed to comply with at least two Court Orders: (1) she failed to serve

---

[1] The Court notes that Plaintiff filed a motion to proceed *in forma pauperis* on February 12, 2009. On the same date, she tendered her Complaint. However, her civil action was not commenced (and the Complaint not docketed) until after her motion to proceed *in forma pauperis* was denied on February 27, 2009 [Docket No. 2]. Assuming without deciding that it is appropriate to use the latter date to establish the deadline to accomplish service, Plaintiff was required to serve a copy of the Summons and Complaint pursuant to Fed. R. Civ. P. 4(m) on or before June 27, 2009.

Defendants and file proof of service by July 30, 2009; and (2) she failed to respond to the Order to Show Cause.

## III. Analysis

Given Plaintiff's failure to prosecute her case, the Court considers whether Plaintiff's case should be dismissed as a sanction pursuant to Fed. R. Civ. P. 41(b).[2] *See Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (noting that Court has inherent authority to consider *sua sponte* whether a case should be involuntarily dismissed due to Plaintiff's failure to prosecute); 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2369, at 576-77 & n.1 (3d ed. 2008); D.C. Colo. L. Civ. R. 41.1.

In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), the Tenth Circuit enumerated the factors to be considered when evaluating grounds for dismissal of an action.[3] The factors are: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* at 921 (internal quotations and citations omitted); *see also Gates Rubber Co. v. Bando Chems. Indus.,* 167 F.R.D. 90, 101 (D. Colo. 1996). "[D]ismissal is warranted when 'the aggravating factors

---

[2] While I could recommend dismissal solely on the basis of Fed. R. Civ. P. 4(m), such dismissal would be without prejudice. Given Plaintiff's failure to comply with two Court Orders, I consider whether dismissal with prejudice pursuant to Fed. R. Civ. P. 41(b) would be more appropriate.

[3] The Court notes that the standards for dismissal pursuant to Fed. R. Civ. P. 37 and 41(b) are essentially the same. *Mobley v. McCormick*, 40 F.3d 337, 340-41 (10th Cir. 1994) ("[W]e see no principled distinction between sanctions imposed for discovery violations and sanctions imposed [pursuant to Rule 41(b), and] . . . involuntary dismissals should be determined by reference to the *Ehrenhaus* criteria.").

outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 921).

**A. Prejudice to Defendant**

From a review of the case file, I find that Plaintiff's neglect of her case has prejudiced Defendants. Although not served with the Summons and Complaint, Defendants received notice of this pending action and felt compelled to file a motion to dismiss [Docket No. 16]. Although arguably not necessary given the Court's pending Order to Show Cause, Defendants spent resources and time to affirmatively seek dismissal of this action as to them. While the prejudice to Defendants to this point has been minimal, were this case to proceed, Defendants would be required to incur more expense to defend against a case which Plaintiff is apparently no longer interested in prosecuting.

**B. Interference with the Judicial Process**

I conclude that Plaintiff's failure to prosecute her case, and specifically her failure to and comply with Court Orders and the Federal Rules, necessarily interferes with the effective administration of justice. The issue here "is respect for the judicial process and the law." *See Cosby v. Meadors*, 351 F.3d 1324, 1326-27 (10th Cir. 2003). Plaintiff's failure to follow Court Orders evidences a lack of respect for the Court and the judicial process. In addition, the Court's frequent review of the case file and issuance of this Recommendation, which were necessitated by Plaintiff's neglect, increases the workload of the Court and takes its attention away from other matters where the parties have fulfilled their obligations and are deserving of prompt resolution of their issues. "This order is a perfect example, demonstrating the substantial time and expense required to perform the legal research,

analysis, and writing to craft this document." *Lynn v. Roberts*, No. 01-cv-3422-MLB, 2006 WL 2850273, at *7 (D. Kan. Oct. 4, 2006) (unpublished decision).

**C. Culpability of Plaintiff**

Plaintiff has, without any reasonable excuse, ignored Court Orders and the Federal Rules and failed to move her case forward. Specifically, she has failed to show cause why her case should not be dismissed or to provide any justification for her failure to prosecute her case thus far. The Court provided Plaintiff with ample opportunity to litigate her case, but since attending a hearing on June 24, 2009, she has chosen not to participate. The Court notes that none of my Orders have been returned for insufficient address and, indeed, my first Order requiring Plaintiff to serve the Summons and Complaint by July 30, 2009 was issued in person after the Court was forced to vacate the Scheduling Conference due to Plaintiff's failure to serve Defendants to that point. From this history, I must conclude that Plaintiff's litigation failures are willful, and that she is therefore responsible for her own noncompliance.

**D. Advance Notice of Sanction of Dismissal**

Plaintiff was warned by the Court on at least one occasion that she risked dismissal of her case if she failed to move her case forward. *See Order to Show Cause* [#15] at 2. As noted earlier, Plaintiff is no mere *pro se* litigant. Rather, she is a licensed attorney representing herself in this matter. Accordingly, it should be no surprise to Plaintiff that her failure to prosecute her case results in the sanction of dismissal.

**E. Efficacy of a Lesser Sanction**

Finally, I conclude that no sanction less than dismissal would be effective. Nothing

in the record before the Court excuses Plaintiff's neglect here. In addition, given that Plaintiff has failed to contact the Court for more than two months, I doubt that issuing an additional order to obtain her compliance with my prior Orders or the Federal Rules would be effective. Under these circumstances, no lesser sanction is warranted and dismissal is the appropriate result. While I could recommend dismissal without prejudice pursuant to Fed. R. Civ. P. 4(m),[4] given the circumstances at issue here, I recommend dismissal with prejudice pursuant to Fed. R. Civ. P. 41(b).

## IV. Conclusion

I respectfully RECOMMEND that the Order to Show Cause [#15] be made **ABSOLUTE**, and that Plaintiff's case against Defendants be **dismissed with prejudice** pursuant to Fed. R. Civ. P. 41(b).

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411,

[4] In this case, Plaintiff failed to provide good cause for her failure to timely serve Defendants. Although the Court may extend the time for a plaintiff to serve a defendant even without a showing of good cause, *Espinoza v. United States*, 52 F.3d 838, 840-41 (10th Cir. 1995), the Court is not inclined to do so here. In addition, the case has been pending since February 2009, Plaintiff failed to comply with any of the deadlines set by the Court or Fed. R. Civ. P. 4(m) to effect service, and Plaintiff is a licensed attorney who is presumed to know the penalty for failing to timely serve Defendants. *See generally Raeth v. Bank One*, 05-cv-02644-WDM-BNB, 2008 WL 410596, at *3 & n.4 (D. Colo. Feb. 13, 2008) (unpublished decision).

1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: August 25, 2009

BY THE COURT:

s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix