IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 09-cv-00423-MSK-KLM

DAWN WILLIAMS,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER, COLORADO;
KATHRYN SMITH;
BARBARA SHAKLEE;
CHRIS MOOTZ; and
LARRY MANZANARES,

    Defendants.

_____

**OPINION AND ORDER DECLINING RECOMMENDATION DUE TO MOOTNESS
AND DIRECTING CLERK OF COURT TO CLOSE THE CASE**
_____

**THIS MATTER** comes before the Court pursuant to (1) the August 25, 2009 Report and Recommendation **(#17)** of United States Magistrate Judge Kristen L. Mix that the Plaintiff's claims be dismissed with prejudice for as a sanction pursuant to Fed. R. Civ. P. 41(b), and (2) Plaintiff Dawn Williams's Notice of Dismissal **(#18)**.

**I. Jurisdiction**

The Court exercises jurisdiction pursuant to 28 U.S.C. § 1331.

**II. Issue Presented**

The Court is presented with a recommendation for dismissal with prejudice pursuant to Fed. R. Civ. P. 41(b) and a subsequently filed notice of voluntary dismissal pursuant to Fed. R.

1

Civ. P. 41(a)(1).  Therefore, the issue presented is whether dismissal of Ms. Williams's claims should be with prejudice through adoption of the Recommendation or without prejudice pursuant to Ms. Williams's Notice of Dismissal.

### III.  Background

Ms. Williams commenced this action on February 12, 2009, alleging claims for unlawful employment practices under 42 U.S.C. §§ 1981, 1983, and 2000e.  The Court referred the case to Magistrate Judge Mix to conduct certain aspects of pretrial administration.  After being rescheduled once on motion by Ms. Williams, a Scheduling Conference was commenced on June 24, 2009.  The minute entry **(#14)** reflects that Ms. Williams appeared but no defendants or their representation appeared, presumably because they had not been served in the case.  Therefore, Magistrate Judge Mix ordered that Ms. Williams serve defendants and file proofs of service on or before July 30, 2009 and that the Scheduling Conference be rescheduled to September 29, 2009.  No proofs of service were ever filed with the Court.

On August 10, 2009, Magistrate Judge Mix issued an Order to Show Cause **(#15)** addressing Ms. Williams failure to serve Defendants as required by Fed. R. Civ. P. 4(m) and ordered by the Court on June 24, 2009.  Ms. Williams was ordered to show cause in writing by August 21, 2009 why Magistrate Judge Mix should not recommend that the claims be dismissed pursuant to Fed. R. Civ. P. 4(m) and 41(b).  The Order to Show Cause specifically warned that failure to respond or failure to show good cause would result in a recommendation for dismissal.  Ms. Williams did not respond to the Order to Show Cause.  Accordingly, on August 25, 2009, Magistrate Judge Mix recommended **(#17)** that the case be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to comply with orders of the Court.  Eight days after Magistrate

Judge Mix issued her Recommendation, Ms. Williams filed a Notice of Dismissal **(#18)** pursuant to Fed. R. Civ. P. 41(a)(1) stating that because she did not have the financial resources to maintain the action, she had "no object [sic] to the Court's dismissal" of her action.

### IV.  Analysis

Fed. R. Civ. P. 41(a)(1) prescribes that a plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party files either an answer or a motion for summary judgment.  In the Tenth Circuit, this rule provides the plaintiff with an absolute right to dismiss without prejudice that may not be limited by either the opposing party or the court.  *See Janssen v. Harris*, 321 F.3d 998, 1000 (10th Cir. 2003).  The filing of a notice of dismissal automatically divests the court of jurisdiction over the claims and no order of the court is required to effectuate the dismissal.  Indeed, the filing leaves the parties as if no action had ever been brought.

In this case, prior to any defendant filing an answer or a motion for summary judgment, Ms. Williams filed what appears to be a Notice of Dismissal.  The Court notes that the Notice of Dismissal was arguably filed in response to the Recommendation as it indicated that Ms. Williams did not object to the Court's dismissal of her action and could, therefore, be construed as an objection to the Recommendation.  However, because the Notice was titled "Notice of Dismissal" and specifically referenced Fed. R. Civ. P. 41(a)(1), the Court concludes that the filing was a valid Notice of Dismissal under Fed. R. Civ. P. 41(a)(1).[1]  Therefore, the Court was

---

[1] The Court generally construes *pro se* pleadings liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).  Such liberal construction, however, is not warranted when a *pro se* party is a licensed attorney. *See Mann v. Boatright*, 477 F.3d 1140, 1148 n.4 (10th Cir. 2007).  In this case, Ms. Williams is a licensed attorney, but brings her claims *pro se*.  The Court notes that although she is, therefore, not entitled to a *Haines v. Kerner* analysis, liberal construction would

automatically divested of jurisdiction over her claims upon the filing of this document regardless of the pending Recommendation for dismissal with prejudice. As such, the Court cannot address any pending issues in the case including the Recommendation. As her Notice of Dismissal did not indicate whether it was with or without prejudice, the dismissal is without prejudice. *See* Fed. R. Civ. P. (a)(1)(B).

Accordingly, the Court **DECLINES** the Recommendation **(#17)**, due to mootness. As all of Ms. Williams's claims have been dismissed without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(I), the Clerk of the Court shall close this case.

Dated this 16th day of September 2009

                                              **BY THE COURT:**

*/s/ Marcia S. Krieger*
_____
Marcia S. Krieger
United States District Judge

---

not change the Court's conclusion.